## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DELANCEY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-1303-DWD |
| | ) | |
| SMS GROUP, INC. | ) | |
| SMS GROUP GMPH, | ) | |
| SMS GMBH, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| SMS GROUP, INC., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HEIDTMAN STEEL PRODUCTS, INC. | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Now before the Court is Plaintiff Delancey Smith's Motion for Alternative Service (Doc. 46). Plaintiff seeks Court authorization to serve foreign Defendants SMS Group GmbH and SMS GmbH via email pursuant to Fed. R. Civ. P. 4(f)(3). Plaintiff represents that Defendant SMS Group, Inc. and Third-Party Defendant Heidtman Steel Products, Inc. do not oppose the Motion (Doc. 46, ¶ 23).

## Background

In this product liabilities matter, Plaintiff seeks damages for injuries he sustained after his arm became trapped in a coil slitter allegedly designed, manufactured,

engineered, and marketed by the predecessor of Defendants SMS Group, Inc., SMS Group GmpH and/or SMS GmbH (Doc. 29).  On June 16, 2022, Plaintiff served domestic Defendant SMS Group, Inc. (Doc. 46, ¶ 5).  On August 2, 2022, Defendant SMS Group, Inc. represented that it is a wholly owned subsidiary of Defendant SMS Group GmpH (Doc. 17-1).  Based on this information Plaintiff added Defendants SMS Group GmbH and SMS GmbH as defendants (Doc.29).

SMS Group GmbH and SMS GmbH are both foreign corporations registered in Germany (Doc. 46, ¶¶ 10-11).  Plaintiff represents that he has engaged a process serving company to translate and serve all required materials on the foreign defendants under the Hague Convention (Doc. 46, ¶ 14).  However, service of process under the Hague Convention is estimated to take six to twelve months to complete (Doc. 46, ¶ 15; Doc. 46-1).  Accordingly, Plaintiff requests authorization to serve Defendants SMS Group GmbH and SMS GmbH via email on their shared Chief Executive Officer and Managing Director, Burkhard Dahmen, at burkhard.dahmen@sms-group.com.

## Discussion

Federal Rule of Civil Procedure 4(f) provides that an individual may be served outside the United States "by any internationally agreed means of service that is reasonably calculated to give notice," such as the Hague Convention, or "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1).[1] Alternative service is "neither a 'last resort' or 'extraordinary relief'", but simply one

---

[1] The Hague Convention applies in this case, as the United States and Germany are both signatories to it. *See, e.g., Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988).

means which enables service of process on an international defendant. *In re Paraquat Prod. Liab. Litig.*, No. 3:21-MD-3004-NJR, 2021 WL 4775284 (S.D. Ill. Oct. 13, 2021), at *3 (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)) (internal quotations omitted).

While the Seventh Circuit has not spoken directly on the steps Plaintiff must take prior to requesting alternative service under Rule 4(f), several district courts in this Circuit have required that a plaintiff first demonstrate why alternative service should be authorized under Rule 4(f)(3). *See Flava Works, Inc. v. Does 1-26*, No. 12 C 5844, 2013 WL 1751468, at *7 (N.D. Ill. Apr. 19, 2013) (citing the advisory committee notes to Rule 4); *In re Paraquat Products Liability Litigation*, 2021 WL 4775284, at *3 (collecting cases); *NBA Properties, Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, 549 F. Supp. 3d 790 (N.D. Ill. 2021) (finding the Court could authorize service by email as long as Plaintiffs "make a showing as to why alternative service should be authorized"); *1025 W. Addison St. Apartments Owner, LLC v. Grupo Cinemex, S.A. de* C.V., No. 20-CV-06811, 2021 WL 2136073, at *8 (N.D. Ill. May 26, 2021).

Here, Plaintiff has demonstrated why alternative service is necessary in this case. Although Plaintiff has initiated service under the Hague Convention, he has been told the process will take another six to twelve months.  Plaintiff contends that if this case was to be delayed another six to twelve months, the scheduling order in this matter will need to be completely reset to permit the foreign defendants enough time to defend their interests before the current trial setting.   Plaintiff also argues that service by email would

not prejudice the foreign defendants because Plaintiff has already served a wholly owned domestic subsidiary of the foreign defendants.

The Court agrees that alternative service is appropriate in this case, and particularly to ensure the orderly and expeditious resolution of this litigation. *See Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) ("Court-directed service pursuant to Rule 4(f)(3) is appropriate when, for example, 'there is a need for speed that cannot be met by following the Hague Convention methods." *See Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016). Further, alternative service comports with the Court's goal to secure "the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. In this matter, this goal cannot be realized if Plaintiff is required to wait another six to twelve months to effectuate service on Defendants.

Moreover, service of process by email is not prohibited by the Hague Convention. *See In re Paraquat Products Liability Litigation*, 2021 WL 4775284, at *3; *NBA Properties, Inc.*, 549 F. Supp. 3d at 797 (collecting cases) ("Service by email is not specifically provided for in the Convention, but neither is it forbidden."); *in accord Strabala*, 318 F.R.D. at 115 ("Rule 4(f)(3) permits the court to order service by any means not prohibited by international agreement, as long as the method of service comports with constitutional notions of due process."). The Court further finds that in this case, the proposed method of emailing service of process to Defendants SMS Group GmbH and SMS GmbH is consistent with due process.

## Disposition

For these reasons, the Motion for Alternative Service of Process (Doc. 46) is

**GRANTED.**  Pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff is authorized to serve Defendants

SMS Group GmbH and SMS GmbH via email.  After service via email, Plaintiff shall file

an affidavit of the individual who sent the messages with the Court.  The affidavit must

include the email addresses used and the time when the messages were sent.  The

affidavit shall also confirm that no message bounced back or was otherwise returned as

undeliverable.

   **SO ORDERED.**

   Dated:  October 27, 2022

_____
   DAVID W. DUGAN
   United States District Judge

5