IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELANCEY SMITH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-1303-DWD |
| ) | |
| **SMS GROUP, INC.,** ) | |
| **SMS GROUP GMBH,** ) | |
| **SMS GMBH,** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| **SMS GROUP, INC.,** ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **HEIDTMAN STEEL PRODUCTS,** ) | |
| **INC.,** ) | |
| ) | |
| Third-Party Defendant. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is the Motion to Dismiss for Lack of Jurisdiction filed by Defendants SMS Group GMBH and SMS GMBH (hereinafter referred to collectively as "Defendants" or the "SMS GMBH Defendants") (Doc. 56). Defendants seek to dismiss the claims against them for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Alternatively, they ask the Court to reconsider its prior rulings permitting substituted service on Defendants. For the reasons detailed below, Plaintiff's claims against Defendants will be dismissed for lack of personal jurisdiction.

1

## Background

As alleged in Plaintiff's Amended Complaint (Doc. 29), on November 12, 2020, Plaintiff Delancey Smith was operating and working with a coil slitter at a steel processing and factory plant in Granite City, Illinois (Doc. 29, ¶ 10). Plaintiff describes the coil slitter as "a Pro-Eco steel coil slitting line, described as GCS3 and identified as S.O. 6690" (Doc. 29, ¶ 1). While operating the coil slitter, its "pusher plate" failed to return to the proper position and Plaintiff became trapped between the coil slitter's bearing arm and the coil slitter (Doc. 29, ¶¶ 11-14). The bearing arm failed to retract, and the coil slitter's power failed, keeping Plaintiff trapped until a total machine reset was performed and causing severe and extensive injuries to Plaintiff (Doc. 29, ¶¶ 15-16). Plaintiff alleges multiple defects in the coil slitter's design, manufacturing, and marketing and brings strict liability and negligence counts against Defendants (Doc. 29).

Plaintiff maintains that the coil slitter involved in his accident was manufactured, designed, and sold by the entity Pro-Eco Ltd. ("Pro-Eco") (Doc. 29, ¶ 6(a)). Plaintiff alleges that Pro-Eco dissolved as a business entity sometime after 2000 when it entered into a purchase or merger agreement with the entity SMS Demag, Inc. (Doc. 29, ¶ 6(a)-(d)). Thus, Plaintiff named three entities as Defendants whom he alleges "are the lawful successors of Pro-Eco and assumed certain liabilities of Pro-Eco." (Doc. 29, ¶ 6). These entities include Defendants SMS Group, Inc., SMS Group GMBH, and SMS GMBH (Doc. 29). SMS Group, Inc. is a Delaware corporation with its principal place of business in Pennsylvania (Doc. 29, ¶ 3). SMS Group GMBH and SMS GMBH are German corporations with principal places of business located in Germany (Doc. 29, ¶¶ 4-5).

According to Defendants' Fed. R. Civ. P. 7.1 Disclosure Statements, SMS GMBH is the parent corporation of both SMS Group GMBH and SMS Group, Inc. (Docs. 17, 58, 59).

SMS Group GMBH and SMS GMBH dispute that they are successors to Pro-Eco and further move to dismiss Plaintiff's claims against them for a lack of personal jurisdiction. Defendant SMS Group, Inc. did not join in these motions, but also denies that it is the lawful successor of Pro-Eco (*See* Doc. 17). In recent filings, Plaintiff and Defendants appear to suggest that Pro-Eco assets were sold to another SMS entity, non-party SMS Concast Canada, Inc., in or about 2013 (Doc. 70, ¶ 8; Doc. 57-1, p.2, ¶ 6). Thus, the parties speculate that SMS Concast Canada, Inc. may be the proper successor to Pro-Eco. Plaintiff has therefore sought leave to amend his complaint to add SMS Concast Canada, Inc. as a defendant.

## **Legal Standard**

When personal jurisdiction is challenged under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019); *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The Court may decide a motion to dismiss based on submitted written materials, and without holding an evidentiary hearing, so long as the Court resolves all factual disputes in Plaintiffs' favor. *Purdue Research Foundation*, 338 F.3d at 783; *see also uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423–24 (7th Cir. 2010); *Leong v. SAP Am., Inc.*, 901 F. Supp. 2d 1058, 1062 (N.D. Ill. 2012). If the Court consults only the written materials, the plaintiff need only make a *prima*

*facie* showing of personal jurisdiction. *Matlin*, 921 F.3d 701; *Purdue Research Foundation*, 338 F.3d at 782 (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)).

Further, where, as here, Defendant has submitted evidence opposing the exercise of personal jurisdiction, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Foundation*, 338 F.3d at 783. The Court will accept as true any facts contained in Defendants' affidavits that remain unrefuted by Plaintiff. *See GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009); *Joy v. Hay Grp., Inc.*, No. 02 C 4989, 2003 WL 22118930, at *2 (N.D. Ill. Sept. 11, 2003) ("Once a fact is challenged by an affidavit from the defendant, the plaintiff has an obligation to provide an additional affidavit supporting his or her contention.").

## Discussion

"As a procedural matter, federal courts look to state law in determining the bounds of their jurisdiction over a party." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (citing Fed. R. Civ. P. 4(k)(1)(A)). Because the Illinois long-arm statute permits a court to exercise jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment, "the state statutory and federal constitutional requirements merge." *Brook*, 873 F.3d at 552 (citing *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)). "The Due Process Clause of the Fourteenth Amendment limits the power of a court to render a judgment over nonresident defendants." *Brook*, 873 F.3d at 552 (internal citations omitted). Thus, personal jurisdiction is only proper if a defendant has sufficient minimum contacts with the forum state "such that the maintenance of the suit does not

4

offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310 (1945)). "While the defendant's physical presence in the forum State is not required, there must be sufficient minimum contacts such that he or she 'should reasonably anticipate being haled into court there.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Personal jurisdiction can be established through general or specific jurisdiction. General jurisdiction, or "all-purpose" jurisdiction, allows a court to hear any and all claims against foreign corporations when their "affiliations with the State in which suit is brought are so constant and pervasive 'as to render them essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)). Determining whether a corporation is "at home" in a particular state "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide" because "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler AG*, 571 U.S. at 138, n. 20. Indeed, the Supreme Court has identified only two places where a corporation is "at home": the state of the corporation's principal place of business and the state of its incorporation. *Daimler AG*, 571 U.S. at 137.

"Specific" or "case-linked" jurisdiction requires an affiliation between the forum and the underlying controversy—that is, an "activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. 915; *Brook*, 873 F.3d at 552 ("Specific jurisdiction requires a defendant's contacts with the forum State to be directly related to the conduct pertaining

5

y

to the claims asserted."). Specific jurisdiction arises where an out-of-state defendant has "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp.*, 471 U.S. at 472–73 (internal citations omitted).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (quotation omitted). "The mere fact that a defendant's conduct affects a plaintiff with connections to the forum State is not sufficient to establish jurisdiction." *Id.* at 290. Rather, the out-of-state defendant must purposefully direct its activities at residents of the forum, and the litigation must "arise out of contacts that the 'defendant *himself*' creates with the forum state." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 396 (7th Cir. 2020) (quoting *Burger King Corp.*, 471 U.S. at 475). The defendant's relationship with the plaintiff or a third party, standing alone, is insufficient to create the necessary "minimum contacts." *See Walden*, 571 U.S. at 286.

Plaintiff does not argue that general jurisdiction exists over the SMS GMBH Defendants, thus the Court focuses its analysis on whether Defendants are subject to specific personal jurisdiction in this Court. Defendants argue that they maintain separate corporate identities from all the named parties in this matter, and have no connection to the former Pro-Eco corporation (Doc. 57). They further argue that they have no connection with Illinois, do not design, manufacture, engineer, construct, market, sell, or install any coil slitter components or parts in Illinois or elsewhere, and have no other

6

connections to Illinois, Plaintiff, or the coil slitter at issue in this matter. In support of their motion to dismiss, Defendants provided affidavits from Sabine Schmeinck (Doc. 57-1, Doc. 73)[1], who attested to the following on behalf of SMS GMBH and SMS Group GMBH:

    1.    SMS Group GMBH and SMS GMBH are German corporations with their headquarters, home offices, and principal places of business in Germany (Doc. 57-1, ¶ 5; Doc. 73, ¶5).

    2.    SMS GMBH is a holding company and "does not design, manufacture, engineer, construct, market, sell, or install any products," including coil slitter or coil slitter components or parts (Doc. 73, ¶ 6). It has not designed, manufactured, sold, delivered, or issued warranties on any good or product in Illinois or the United States, has not participated in the decision to sell or deliver any good or product to Illinois or the United States, and has not supervised, managed, or conducted a recall or replacement program of any kind in Illinois or the United States (Doc. 73, ¶ 7(f)-(h)).

    3.    SMS GMBH "does not operate, conduct, engage in, carry on, or transact business of any kind, including coil slitters, coil slitter components or parts, in Illinois or in the United States of America" (Doc. 73, ¶¶ 7, 7(j), 9)). It maintains no offices, places of business, post office boxes, telephone listings, real

---

[1] Defendants' Memorandum of Law omitted the affidavit of SMS GMBH (Doc. 57), and instead contained duplicate copies of the SMS Group GMBH affidavit (*See* Doc. 57-1, 57-2). However, Defendants submitted the corrected SMS GMBH Affidavit on April 26, 2023 (Doc. 73). No parties objected to Defendants submission of the corrected attachment.

7

estate, bank accounts, or other interests in property in Illinois or the United States, and has not incurred any obligation to pay or paid Illinois or United States federal taxes (Doc. 73, ¶ 7(a)-(c)). It has no agents, distributors, sales representatives, or employees in Illinois or the United States (Doc. 73, ¶ 7(d)-(e)). It has not engaged in or participated in any advertising campaign, marketing campaign, or promotion for coil slitters in Illinois or the United States (Doc. 73, ¶ 7(i)).

4. SMS GMBH does not conduct any activities in Illinois, does not have a license to do business in Illinois, does not maintain a registered agent for service of process in Illinois or the United States, and has not authorized anyone to act as its agent for service of process in Illinois (Doc. 73, ¶ 8).

5. SMS Group GMBH is not a successor to Pro-Eco Ltd., and assumed no liabilities of Pro-Eco Ltd. Instead, Pro-Eco Ltd. ceased business in 2013, ultimately merging with SMS Concast Canada Inc., with its obligations to creditors satisfied and remaining assets sold to SMS Concast Canada Inc. (Doc. 57-1, ¶ 6).

6. SMS Group GMBH is not a successor to SMS Group, Inc. and has not assumed the liabilities of SMS Group, Inc. Instead, SMS Group, Inc. is a wholly owned subsidiary of SMS Group GMBH (Doc. 57-1, ¶ 7).

7. SMS Group GMBH has "not engaged in the design, manufacturing, engineering, construction, marketing, selling, installing, maintaining, and/or supplying of any parts for, the Coil slitter identified in the Complaint, nor assumed any liabilities of Pro-Eco for Pro-Eco products." (Doc. 57-1, ¶ 8).

8. SMS Group GMBH does not sell, and has never sold, a coil slitter or coil slitter components parts in Illinois (Doc. 57-1, ¶ 9).

9. SMS Group GMBH has never maintained offices, places of business, post office boxes, or telephone listings in Illinois (Doc. 57-1, ¶ 10). It has never owned real estate or other property interests, or held a bank account in Illinois (Doc. 57-1, ¶ 11), and has not paid taxes or incurred an obligation to pay taxes in Illinois (Doc. 57-1, ¶ 12).

10. SMS Group GMBH has no sales representatives or employees working in Illinois, and have not recruited any employees from Illinois (Doc. 57-1, ¶¶ 13-14),

11. SMS Group GMBH has not (a) designed, manufactured, sold, delivered, or issued warranties on any goods or products in Illinois, including coil slitters or coil slitter lines, (b) supervised, managed or conducted a recall or replacement program in Illinois, (c) engaged or participated in any advertising, marketing, or promotion campaign for coil slitters or coil slitter parts in Illinois, or (d) served the Illinois market for coil slitters or coil slitter lines (Doc. 57-1, ¶¶ 15-18)

12. SMS Group GMBH does not have any manufacturing plants in the United States or Illinois for coil slitters or other products, and do not have any distributors in the United States or Illinois for coil slitters or coil slitter lines (Doc. 57-1, ¶ 19); and

   13. SMS Group GMBH does not have a license to do business in Illinois, does not maintain a registered agent in Illinois, and is not considered at home in Illinois (Doc. 57-1, ¶ 20).

 Ms. Schmeinck also attested to the separate corporate identities of SMS GMBH and SMS Group GMBH, and the other entities identified in Plaintiff's complaint, including Pro-Eco, Ltd., SMS Group, Inc., SMS Demag Inc., and SMS Siemag Inc. (Doc. 57-1, ¶ 21; Doc. 73, ¶¶ 10-11). Specifically, she stated that SMS GMBH "is and always has been a separate corporation from companies whose stock ownership it holds … and has not conducted business in Illinois or anywhere else through these companies" (Doc. 73, ¶ 10). She further stated that SMS GMBH and SMS Group GMBH are separate corporations, maintain separate daily operations, conduct separate board meetings, keep separate books and accounts, file separate taxes, and do not share common departments or business (Doc. 57-1, ¶ 21(a)-(f); Doc. 73, ¶11). Finally, she stated that SMS GMBH has not established any daily management policies for these other entities, and no SMS GMBH employee has day-to-day managerial responsibility over the other entities named in the complaint (Doc. 73, ¶ 11(a), (e)).

 Defendants contend that, at best, Plaintiff's claims, and the specific Pro-Eco coil splitter at issue in this matter, may involve another SMS entity, specifically the Canadian based SMS Concast Canada Inc. (*See* Doc. 57-1, ¶ 6). However, Defendants argue that this entity is legally distinct from them, and that Plaintiff has not established that the jurisdictional contacts of SMS Concast Canada, Inc. or Defendant SMS Group, Inc. should be imputed to them merely because of their status as parent companies or some other

related entity. (Doc. 57, p. 6). Indeed, the Seventh Circuit maintains a "general rule" that "jurisdictional contacts of a subsidiary corporation are not imputed to the parent." *Abelesz v. OTP Bank*, 692 F.3d 638, 658 (7th Cir. 2012)). Accordingly, Defendants argue that Plaintiff cannot establish personal jurisdiction over them.

In response, Plaintiff contends that the allegations in his complaint are sufficient to establish a *prima facie* case of personal jurisdiction over Defendants. Specifically, Plaintiff points to his allegations in Paragraphs 6, 8, and 17 of his Amended Complaint where he avers that "one or more Defendants are the lawful successors of Pro-Eco and assumed certain liabilities of Pro-Eco") (Doc. 29). Plaintiff argues that these allegations are sufficient to impose successor liability on Defendants as successors to the dissolved Pro-Eco, Ltd. or as a parent entity of Defendant SMS Group, Inc. (Doc. 65) (citing *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, No. 18 CV 4971, 2019 WL 3302223, at *11 (N.D. Ill. July 23, 2019) (finding personal jurisdiction on a successor liability theory where the successor provided similar services, shared some of the same personnel, and the successor purchased some of the predecessor's assets)).

However, Plaintiff does not explicitly address Defendants' arguments concerning Defendants' specific and distinct legal identities. Instead, the allegations in the Complaint refer to the SMS GMBH Defendants collectively with the third Defendant in this matter, Defendant SMS Group, Inc, and with no distinction between the three different entities (*See* Doc. 29, ¶ 6) (referring to "one or more" of the Defendants, defined as SMS GMBH, SMS Group GMBH, and SMS Group, Inc.). This is problematic because the jurisdiction over a parent corporation does not automatically establish jurisdiction over a wholly

owned subsidiary. *See Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 (1984); *Purdue Research Foundation*, 338 F.3d at 785 (finding no successor liability where, rather than refer to the defendant entity as a "mere continuation", it was "far more accurate" to regard them as having "purchased particular assets."). [2]

The Court is also entitled to accept as true any unchallenged facts contained Defendants' affidavits. *See GCIU-Employer Retirement Fund*, 565 F.3d at 1020; *Joy*, 2003 WL 22118930, at *2 ("Once a fact is challenged by an affidavit from the defendant, the plaintiff has an obligation to provide an additional affidavit supporting his or her contention."). Although Plaintiff submitted six documents allegedly connecting the former Pro-Eco, Ltd. coil splitter to Defendants (Docs. 65-1, 65-2, 65-3, 65-4, 65-5, 65-6)., these documents do not reference SMS Group GMBH or SMS GMBH specifically. Plaintiff's documents consist of screenshots of internet webpages and purchase documents for the coil splitter at issue in this matter. However, without a reference to SMS Group GMBH or SMS GMBH specifically, the documents are generally consistent with Defendants' arguments that a different SMS entity is the proper party here.

Indeed, two of the internet pages cited by Plaintiff suggest a connection with the United States based SMS Group, Inc. (Doc. 65-1; Doc. 65-4) (citing to sms-group.us and

---

[2] Separately, Plaintiff also makes these allegations on "information and belief." Typically, jurisdictional allegations made "upon information and belief" are not sufficient to establish federal jurisdiction. *See, e.g., Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (Jurisdictional allegations made "upon information and belief" are not sufficient to support federal diversity jurisdiction); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (expressing doubt that allegations of party's citizenship for diversity purposes made only on information and belief can suffice to establish jurisdiction). However, the Court need not reach that issue here because Plaintiff's additional evidence does not establish personal jurisdiction.

sms-group.com/en-us/company/our-heritage)[3] or SMS Concast Canada (Doc. 65-3) (citing to sms-concast.ch/about-us/locations).  Further, the coil-splitter documents refer only to SMS DEMAG Group, which is an SMS entity Defendants have affirmatively disclaimed any managerial or other interest in apart from SMS GMBH's stock ownership (Doc. 57-1, ¶ 21; Doc. 73, ¶¶ 10-11).  Finally, the relevant corporate addresses on the purchase orders refer to addresses in the United States and Canada (Doc. 65-5), and gives no indication of a connection to Defendants' Germany based entities.

In sum, the documents Plaintiff submitted in response to Defendants' Motion do not establish a *prima facie* showing of personal jurisdiction here such to overcome the undisputed facts contained in Defendants' affidavits.  As outlined above, Defendants provided affidavits from Defendants attesting that Defendants are not successors to Pro-Eco, and that they maintain separate and distinct corporate identities from the other SMS entities (Doc. 57-1; Doc. 73).  Defendants' affidavits also stated that the proper successor entity to Pro-Eco is SMS Concast Canada, Inc. (Doc. 57-1, ¶ 6).  Plaintiff does not refute this testimony.  Instead, Plaintiff has sought leave to file a second amended complaint to add SMS Concast Canada, Inc. as a party based on Defendants' representations that it is the proper successor entity here (Doc. 70).

In all, Plaintiff's documents are not inconsistent with Defendants' arguments that they are the incorrect SMS entity.  Nor do the documents supply sufficient contacts for the Court to impute jurisdictional contacts onto Defendants as alleged parent companies

---

[3] The exact web addresses identified in these exhibits were partially obscured and illegible.

to the correct SMS entity or successor of Pro-Eco. As mentioned above, the Seventh Circuit applies "the 'general rule' that 'the jurisdictional contacts of a subsidiary corporation are not imputed to the parent.'" *Abelesz*, 692 F.3d at 658 (quoting *Purdue Research Foundation*, 338 F.3d at 788); see also *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000) ("We join other courts in finding that stock ownership in or affiliation with a corporation, without more, is not a sufficient minimum contact.").

Instead, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286 (quoting *Burger King Corp.*, 471 U.S. at 475); *see also IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 541 (7th Cir. 1998) ("Parents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent, but unless there is a basis for piercing the corporate veil and thus attributing the subsidiaries' torts to the parent, the parent is not liable for those torts."). Here, there is simply no indication that SMS Group GMBH or SMS GMBH have or maintain sufficient contacts with Illinois for the Court to exercise personal jurisdiction over them. Nor has Plaintiff offered a sufficient basis for piercing the separate corporate identities in this case to impute jurisdictional contacts of some other SMS entity to Defendants.

Because the litigation does not arise from contacts that Defendants themselves created with Illinois or actions purposefully directed at residents of Illinois, the Court **FINDS** that Plaintiff has failed to make a *prima facie* showing of specific personal

jurisdiction with regard to both SMS Group GMBH and SMS GMBH.  For these reasons, the Court concludes that it has no personal jurisdiction over Defendants SMS Group GMBH and SMS GMBH.  As such, Plaintiff's claims against Defendants must be dismissed for lack of personal jurisdiction.

### Plaintiff's Motion to Amend

Plaintiff moves to file a Second Amended Complaint and to add non-party, SMS Concast Canada, Inc. as a party based on Defendants' representations that it is the proper successor entity to Pro-Eco Ltd. (Doc. 70).  No party has filed an objection to this Motion, and the time for doing so has now passed.  *See* SDIL-LR 7.1.  Further, the Court is mindful that leave to amend should be freely given when justice so requires.  *See* Fed. R. Civ. P. 15(a); *Pugh v. Trib. Co.*, 521 F.3d 686, 698 (7th Cir. 2008).  Accordingly, Plaintiff's Motion for Leave to Amend (Doc. 70) will be granted.  Further, as the pending Motion for Summary Judgment filed by Defendant SMS Group, Inc. (Doc. 69) is directed at Plaintiff's First Amended Complaint, this Motion (Doc. 69) will be denied, as moot.

### Conclusion

For the above stated reasons, Defendants SMS Group GMBH and SMS GMBH's Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction (Doc. 56) is **GRANTED**.  Plaintiff's claims against Defendants SMS Group GMBH and SMS GMBH are **DISMSISED for lack of personal jurisdiction.**  The Clerk of Court is **DIRECTED** to terminate SMS Group GMBH and SMS GMBH from the docket sheet.

Further, Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 70) is **GRANTED**.  Plaintiff is directed to file his Second Amended Complaint by **June 23,**

**2023**.  Further, as the pending Motion for Summary Judgment filed by Defendant SMS Group, Inc. (Doc. 69) is directed at Plaintiff's First Amended Complaint, this Motion (Doc. 69) is **DENIED as moot, and without prejudice**.

      **SO ORDERED.**

      Dated:  June 2, 2023

                                                                   DAVID W. DUGAN
                                                                  United States District Judge