IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DELANCEY SMITH,                          )
                                         )
            Plaintiff,                   )
                                         )
vs.                                      )          Case No. 22-cv-1303-DWD
                                         )
SMS GROUP, INC.                          )
SMS CONCAST CANADA, INC.,                )
                                         )
            Defendants.                  )
_____)
SMS GROUP, INC                           )
                                         )
            Third-Party Plaintiff,       )
                                         )
vs.                                      )
                                         )
HEIDTMAN STEEL PRODUCTS,                 )
INC.,                                    )
                                         )
            Third-Party Defendant.       )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On September 15, 2023, following a hearing, the Court denied Defendant SMS Group, Inc.'s Motion for Summary Judgment, without prejudice (Doc. 98). As stated in that Order, the Court found a material dispute of fact concerning Defendant SMS Group, Inc.'s relationship or affiliation with Pro-Eco, Ltd., and specifically whether Defendant is a successor entity of Pro-Eco, Ltd. and thus potentially liable for the alleged defects in the Pro-Eco, Ltd. coil slitter which caused Plaintiff Delancey Smith's injuries on November 12, 2020 (Doc. 98). Specifically, the Court found that Defendant SMS Group, Inc.'s representation that it did not have a relationship with Pro-Eco, Ltd., or its equipment,

1

was inconsistent with Defendant's admissions in its Answer to Plaintiff's Second Amended Complaint, where Defendant admitted that "**Defendant SMS Group Inc. f/k/a Pro-Eco Ltd.** is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania." (Doc. 83, p. 2, ¶ 3) (emphasis supplied). Accordingly, the Court denied Defendant's Motion for Summary Judgment, without prejudice, and directed the parties to conduct further discovery on the issue of Defendant's alleged successor relationship with Pro-Eco, Ltd. The Court directed the parties to complete this discovery by October 28, 2023 (Doc. 98).

Now before the Court is Defendant SMS Group, Inc.'s Motion for Reconsideration (Doc. 99). Defendant asks the Court to reconsider its ruling denying Defendant's Motion for Summary Judgment, and entered judgment in its favor. Defendant cites to Rule 59(e) and Rule 60 of the Federal Rules of Civil Procedure as the basis for its Motion. Plaintiff opposes the Motion (Doc. 100).

## Legal Standard

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Here, Defendant urges the Court to consider its Motion under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60[1]. Rule 59(e) permits the Court to alter or amend judgments upon motion filed no later than 28 days after the date of entry. The purpose of Rule 59(e) is to provide the district court with a means for correcting errors that may have "crept

---

[1] Defendant does not invoke Fed. R. Civ. P. 54(b), which allows district courts to revisit "any order or other decision . . . that adjudicates fewer than all the claims" in an action and to revise it at any point before the entry of judgment as justice requires. Fed. R. Civ. P. 54(b); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge.").

into the proceeding" while the district court still holds jurisdiction over the case. *Sosebee v. Astrue*, 494 F.3d 583 (7th Cir. 2007). A Fed. R. Civ. P. 59(e) motion "is only proper when the movant presents newly discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252–253 (7th Cir. 2015) (internal quotations and citation omitted). The motion is not an invitation to rehash previously considered and rejected arguments. *See Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

Motions filed outside the 28-day window allowed by Rule 59(e) are assessed under Rule 60(b). Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1231 (7th Cir. 1983) (internal quotations and citation omitted). The six grounds for relief under Rule 60(b) are as follows:

(1)     mistake, inadvertence, surprise, or excusable neglect;
(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)     the judgment is void;
(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b). However, Rule 60(b) does not allow a party to make "general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). It is not for the Court to "agoniz[e] over whether a motion asserts a ground for relief included in Rule 60(b); it is the movant's task to make its contentions clear." *Id.* at 302.

3

While each rule requires slightly different inquiries or degrees of particularity, all require a showing of a manifest error of law or fact. "A manifest error is not demonstrated by the disappointment of the losing party.  It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted).  Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotations and citation omitted).

## Discussion

In its Motion, Defendant presents many of the same arguments as in its original Motion for Summary Judgment (Doc. 99).  Specifically, Defendant repeats its position that Plaintiff offered no evidence in opposition to Defendant's motion, and claims no disputed material facts exist (Doc. 99).  Defendant further claims it was surprised by the Court's observation of its admission in its own Answer, and appears to argue that the Court denied Defendant a fair opportunity to dispute ***its own written admission*** at the Motion hearing held on September 14, 2023 (Doc. 99).  Defendant also boldly implies that the Court unfairly assisted Plaintiff with the presentation of his case, committing a "disservice to the [justice] system."  (Doc. 99, p. 5) (quoting *McCarty v. Menards*, 327 F.R.D. 177, 181 (N.D. Ill. 2018)) ("A court does a disservice to the system, and to one party when it assists the other party in the presentation of its case. Even if the judge were to endeavor

4

to assist both sides, it could never do so equally, and in some unfairness would result.").[2]

Thus, Defendant appears to object to the Court's ability to observe a material dispute of

fact when Plaintiff's counsel did not raise the issue on his own, and claims error because

Defendant was not given an opportunity to preserve rebuttable evidence to the fact

observed by the Court.

This argument borders on frivolous.  While the Court need not "scour the record

for evidence to defeat a motion for summary judgment", *Hildreth v. Butler*, 960 F.3d 420,

429 (7th Cir. 2020), it is required to review the record, which includes the pleadings and

admissions on file.  *See Soo Line R. Co. v. St. Louis Sw. Ry. Co.*, 125 F.3d 481 (7th Cir. 1997).

483 (7th Cir. 1997) ("[S]ummary judgment is proper 'if the *pleadings*, depositions, answers

---

[2]This quotation derives from an opinion from the Ninth Circuit Court of Appeal.  *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (holding that a district court may determine whether there is a genuine issue of fact on summary judgment, based only on the papers on file and specifically referred to in the motion papers).  Although this authority is in no way binding on the Court, the Court finds it significant to provide the entirety of the quoted material here to provide further clarity to the discretion afforded district courts in review the evidentiary record on summary judgment.  Indeed, the entirety of the Ninth Circuit's quotation provides:

> Requiring the district court to search the entire record for a genuine issue of fact, even though the adverse party does not set it out in the opposition papers, is also profoundly unfair to the movant. The gist of a summary judgment motion is to require the adverse party to show that it has a claim or defense, and has evidence sufficient to allow a jury to find in its favor on that claim or defense. The opposition sets it out, and then the movant has a fair chance in its reply papers to show why the respondent's evidence fails to establish a genuine issue of material fact. If the district court, or later this court, searches the whole record, in practical effect, the court becomes the lawyer for the respondent, performing the lawyer's duty of setting forth specific facts showing that there is a genuine issue for trial. The movant is then denied a fair opportunity to address the matter in the reply papers. **_Unless the court holds oral argument and brings up the fruit of its search, the movant never receives notice and an opportunity to be heard on the critical evidence. If given an opportunity, the movant might sometimes be able to show that the appearance of a genuine issue of fact was illusory_**.

*Carmen*, 237 F.3d at 1031 (emphasis added).  The Ninth Circuit also emphasized that district courts have "discretion in appropriate circumstances to consider other materials" it is just not required to do so.  *Id.*

to interrogatories, and admissions on file, together with the affidavits' show that one party is entitled to a judgment as a matter of law.") (citing Fed. R. Civ. P. 56(c)) (emphasis in original).   These admissions include the concessions Defendant admitted to in its answer.  *Soo Line R. Co.*, 125 F.3d 481 ("[Plaintiff] has fallen victim to the well-settled rule that a party is bound by what it states in its pleadings. 'Judicial admissions are formal concession in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them.'") (internal citations omitted).   "That which a defendant admits in his answer is binding upon him until he withdraws the admission by a proper amended or supplemental pleading."  *Freedom Nat. Bank v. N. Ill. Corp.*, 202 F.2d 601, 605 (7th Cir. 1953).

The fact that the Court observed the inconsistencies in Defendant's Answer, when neither parties' counsel did, is not a reflection on the Court's failure to do its job, but on the parties' lack of attentiveness. Moreover, it is also relevant that Defendant's counsel did not seek additional time or leave to submit whatever evidence Defendant now claims contradicts its prior admission at the motion hearing.   Nor did Defendant seek leave to amend what it now claims was an erroneous admission in its Answer.  *See e.g.*, *Archer Daniels Midland Co. v. Soymet 101, LLC*, No. 14-CV-2181, 2016 WL 6157944, at *4 (C.D. Ill. July 21, 2016) (citing *Mitchell v. Allen*, No. 91 C 2497, 1994 WL 66099, at *4 (N.D. Ill. Mar. 3, 1994) ("The binding effect of admission made in pleadings encourages parties to carefully investigate and evaluate contentions before pleading or answering.

The harsh impact of this rule can be avoided if a party successfully makes and supports a motion to amend under Fed. R. Civ. P. 15(a).").[3]

Finally, Defendant continues to misunderstand its burden of proof at summary judgment.  Defendant once again contests Plaintiff's failure to present evidence in opposition to Defendant's Motion; such evidence is not required if Defendant fails to meet its own burden of establishing the lack of a genuine issue of material fact.  *See Gerhartz v. Richert*, 779 F.3d 682, 686 n.8 (7th Cir. 2015) (collecting cases); *Big O Tire Dealers, Inc. v. Big O Warehouse*, 741 F.2d 160, 163 (7th Cir. 1984) ("Where the moving party fails to meet its strict burden of proof, summary judgment cannot be entered even if the opposing party fails to respond to the motion.").[4]

In all, because Defendant repeats the same arguments he presented in his original motion, they are not appropriate for a motion to reconsider.   Moreover, even if these arguments were appropriate for a motion to reconsider, they do not alter the Court's prior

---

[3] Defendant has subsequently filed a Motion to Amend its Answer (Doc. 106).  However, this motion was filed on October 23, 2023, more than 30 days after the motion hearing and Court's order denying summary judgment, and is not yet ripe for the Court's review.  *See* SDIL-L.R. 7.1.

[4] Here, the Court would also like to clarify the procedural history of this case and Defendant's assertion concerning the timeliness of the Court's ruling on its Motion for Summary Judgment.  Defendant continues to insist that its Motion for Summary Judgment "has been pending for more than year" (Doc. 99, p. 4).  The Court assumes Defendant's counsel emphasizes this argument, in part, to suggest that Plaintiff has had ample time to conduct discovery on the issues presented in the Motion for Summary Judgment.  However, this statement misconstrues the procedural history in this case.  Indeed, although Defendant raised the same arguments in its Motion for Summary Judgment by a prior Motion for Summary Judgment, filed on March 31, 2023 (Doc. 69), the prior motion never became ripe for the Court to rule on because of Plaintiff's subsequent amendment to the complaint (*See* Doc. 76) (denying Defendant's Motion for Summary Judgment as moot because it was no longer directed at Plaintiff's operative complaint).  Thus, the first opportunity the Court could consider Defendant's arguments was after Defendant's Motion for Summary Judgment was filed in response to Plaintiff's Second Amended Complaint.  Defendant's Motion was filed on July 26, 2023 (Doc. 87).  This Motion became ripe on August 25, 2023 (Doc. 93), and the Court held a hearing on the Motion at Defendant's request on September 14, 2023 (Doc. 97).  The Court then issued its written order on September 15, 2023 (Doc. 98).

finding that Defendant's own admission that it was "formally known as Pro-Eco Ltd." creates a material dispute of fact concerning Defendant's relationship with Pro-Eco, Ltd. as a successor entity, precluding summary judgment at this time.  Defendant's Motion for Reconsideration (Doc.99) is therefore **DENIED**.

### Remaining Motions

In addition to Defendant SMS Group, Inc.'s Motion for Reconsideration, three other motions are pending with the Court: (1) Plaintiff's Motion for Sanctions against Defendant SMS Group, Inc. (Doc. 105); (2) Defendant SMS Concast Canada Inc.'s Motion for Extension of Time (Doc. 102); and (3) Defendant SMS Group, Inc.'s Motion for Leave to File Amended Answer (Doc. 106).  For the reasons detailed below, the Court will direct further briefing on Plaintiff's Motion for Sanctions and Defendant SMS Group, Inc.'s Motion for Extension of Time.  Defendant SMS Concast Canada, Inc.'s Motion for Extension of Time will be granted.

### *Plaintiff's Motion for Sanctions*

On October 18, 2023, Plaintiff filed a Motion for Sanctions against Defendant SMS Group, Inc. (Doc. 105). In this Motion, Plaintiff alleges that Defendant SMS Group, Inc. has failed to participate in the discovery authorized, and directed, by the Court in its Order denying Defendant's Motion for Summary Judgment, entered on September 15, 2023 (Doc. 98).  Indeed, in that Order, the Court directed the parties to conduct further discovery on the issue of Defendant's alleged successor relationship with Pro-Eco, Ltd. (Doc. 98).  This discovery was to be completed by October 28, 2023 (Doc. 98).  Plaintiff's Motion represents that Defendant has failed to participate in Plaintiff's attempt to

conduct discovery, including by failing to appear for scheduled depositions on October 17, 2023 (Doc. 105-2).   According to Plaintiff, Defendant's counsel has refused to participate in discovery while its Motion for Reconsideration was pending, and until the remaining Defendant, SMS Concast Canada, Inc. appeared in the case (*See* 105-4). However, Defendant has not filed a protective order or sought leave to be excused from compliance with this discovery on grounds that the discovery is objectional.  *See* Fed. R. Civ. P. 27(d)(2) (A failure to comply "is not excused on the ground that discovery sought was objectional, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("The mere filing of the motion does not automatically stay discovery").

As Plaintiff correctly points out, Fed. R. Civ. P. 37 permits the Court to order sanctions against a party or a person designated under Rule 30(b)(6) who fails, after being served with proper notice, to appear for that person's deposition.  Fed. R. Civ. P. 37(d)(1)(1)(i).   These sanctions may include directing designated facts be taken as established, prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence, striking pleadings, or rendering a default judgment against the disobedient party.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).  Further, if sanctions are appropriate, the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances made an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).

The allegations in Plaintiff's Motion for Sanctions are significant, particularly in light of the Court's clear instructions in its September 15, 2023 Order. Accordingly, Defendant's counsel is **DIRECTED** to respond to the Motion by **November 1, 2023**. Also, by **November 1, 2023**, Plaintiff's Counsel is **DIRECTED** to provide an affidavit of attorney's fees and costs incurred by Defendant's failure to appear for the depositions scheduled for October 17, 2023.

### *Defendant SMS Concast Canada's Motion for Extension of Time*

On October 16, 2023, Defendant SMS Concast Canada, Inc. filed a Motion for Extension of Time to file its Answer through its counsel, Attorney John J. Bullaro, who also represents Defendant SMS Group, Inc. (Doc. 102). Defendant SMS Concast Canada, Inc. represents that it received notice of Plaintiff's Second Amended Complaint in September 2023, at which time it first learned of its involvement in this litigation (Doc. 102, ¶ 1). Attorney Bullaro further clarifies that Defendant was served on September 25, 2023 (Doc. 108). Defendant claims it had no prior knowledge of these proceedings until it was served, and shortly thereafter, Defendant hired Attorney Bullaro to represent it (Doc. 102, ¶¶ 2-3). Attorney Bullaro represents that he has not been able to communicate Defendant's principals concerning the substantive matters in Plaintiff's Second Amended Complaint (Doc. 102, ¶ 4). Accordingly, Defendant seeks until November 6, 2023 to file an answer or respond to Plaintiff's Second Amended Complaint.

Plaintiff objects to this request (Doc. 104). Plaintiff's counsel represents that he requested Attorney John J. Bullaro to accept service on behalf of Defendant SMS Concast Canada, Inc. in June 2023 upon filing of Plaintiff's Second Amended Complaint (Doc.

104).  Plaintiff represents that he sought to have Attorney Bullaro accept service on behalf of Defendant because Attorney Bullaro represented three other SMS entities in this litigation, however Attorney Bullaro refused.  This refusal required Plaintiff to hire an international service company to serve SMS Concast Canada through the Hague Convention, and Plaintiff's counsel represents that he has still not received confirmation of service of process from his service company (Doc. 104, p. 3).  Plaintiff's counsel outlined a detailed timeline of his communications with Defendant Concast Canada's now counsel Attorney Bullaro in his Response (Doc. 104, pp. 2-4).  Of concern to the Court is the correspondence between the parties' counsel dated October 9, 2023. (Doc. 104-14). This correspondence reveals that Attorney Bullaro questioned Plaintiff's counsel about the status of Defendant SMS Concast's service on October 9, 2023 (Doc. 104-14, p. 1), despite later confirming that service had been accomplished on September 25, 2023 (Doc. 108).

Nevertheless, because the Seventh Circuit has a well-established policy of favoring disposing cases on the merits over default, *see Sun v. Bd. of Trustees of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007), Defendant SMS Concast Canada's Motion is **GRANTED** over Plaintiff's objection.  Defendant SMS Concast Canada **SHALL** answer or otherwise respond to the Second Amended Complaint by **November 6, 2023**.  Defendant **SHALL** further file its disclosure statements under Fed. R. Civ. P. 7.1 by **November 1, 2023**.  *See* Fed. R. Civ. P. 7.1 (disclosure statements shall be filed upon a party's first appearance, pleading, motion, or other request addressed to the court).

11

*Defendant SMS Group, Inc.'s Motion for Leave to File an Amended Answer*

On October 23, 2023, Defendant SMS Group, Inc. filed a Motion for Leave to File an Amended Answer (Doc. 106).  Plaintiff is **DIRECTED** to respond to this Motion by **November 6, 2023**.

**SO ORDERED.**

Dated:  October 26, 2023

_____
DAVID W. DUGAN
United States District Judge

12