IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELANCEY SMITH,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 22-cv-1303-DWD |
| | ) |
| **SMS GROUP INC. fka PRO-ECO LTD.,** | ) |
| et al.,, | ) |
| | ) |
|     **Defendants.** | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

    This matter is before the Court on a discovery dispute that has arisen between Plaintiff, Delancey Smith, and Defendants, SMS Group Inc. ("SMS Group") and SMS Concast Canada, Inc. ("SMS Canada"). The document requests at issue - Requests 1-22, 24-25, and 27 directed at SMS Group, Inc. and Requests 1-22, 24-25, and 27 (identical requests) directed at SMS Concast Canada, Inc. – seek documents related to the subject product, a steel coil slitter, and the incident at issue in this case.

    Plaintiff served requests for production on Defendant SMS Group, Inc. on October 21, 2022 (Doc. 127-1). Initially, SMS Group Inc. missed its deadline to respond, providing responses only when Plaintiff inquired about the missing discovery. In response to the requests regarding the design of the coil slitter, SMS Group, Inc., responded "None."

    Plaintiff served requests for production on Defendant SMS Concast Canada, Inc. on October 19, 2023 (Doc. 127-3). After the Court granted SMS Concast Canada, Inc. additional time to respond, it served responses on December 15, 2023 (Doc. 127-4). Like

SMS Group, Inc., SMS Concast Canada did not produce any documents related to the coil slitter.

Plaintiff's Motion to Compel, however, as well as the Joint Report submitted by the parties regarding the discovery dispute, indicates that the SMS Defendants did not actually search for the disputed documents, may have access to at least some of the documents, and/or are only now attempting to locate the documents they initially claimed they did not have. First, Plaintiff notes that SMS Group's American website states "As Pro-Eco was purchased by SMS group several years ago our technicians have full access to all drawings and we work closely with our SMS groug (sic) spare parts group to provide genuine spare parts." (Doc. 127; Doc. 65-1). Additionally, SMS Group's corporate representative, admitted that, to the best of his knowledge, this statement is correct. (Doc. 127-6). He also admitted that he has not taken steps to locate the documents, that the documents are "probably" in the company's "engineering environment somewhere," and that he could, but has not, contacted the engineering department to inquire about the documents.

In the parties' Joint Report, the SMS Defendants indicate that they are (only now) attempting to locate the disputed documents, which might be in long term storage. They further state that (1) SMS Canada did not acquire any of the requested documents, but may have recently located some responsive documents; (2) SMS Group's engineering department has not located any responsive documents; (3) and that SMS Defendants are working with a foreign parent company in an attempt to locate responsive documents.

The conduct of the SMS Defendants, particularly considering their history of gamesmanship during the discovery process in this case,[1] is unacceptable and inconsistent with the Federal Rules of Civil Procedure. Absent agreement of the parties or a court order, Federal Rule of Civil Procedure 34(b)(2)(A) requires a party to submit a proper response to a document request within thirty days after service. A proper response requires that the party actually produce all responsive documents within the party's possession, custody or control within the specified time. Fed. R. Civ. P. 34; *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009), citing *Langley v. Union Elec. Co.*, 107 F.3d 510, 513 (7th Cir. 1997). Additionally, a party must conduct a thorough search *before* responding. *Id.* It is clear that the SMS Defendants did not do this. Instead, it appears that the SMS Defendants have only now decided to conduct the requisite search for responsive documents, and that they have unilaterally decided production on a rolling basis will suffice. If the SMS Defendants required additional time to conduct an appropriate search and to produce the requisite documents, they should have sought an extension prior to responding to the disputed requests. They failed to do so. The SMS Defendants also failed to lodge *any* objections to the requests in issue.

The Court also notes that the deposition of SMS Canada is set for the week of January 22, 2024, and that Plaintiff's expert disclosure is due on January 31, 2024. The Court agrees with Plaintiff's contention that further delay in this matter will prejudice

---

[1] *See* Doc. 104, Plaintiff's Response in Opposition to Motion for Extension and Doc. 105 Motion for Sanctions.

Plaintiff's ability to effectively cross-examine SMS Canada and to produce complete expert reports.

Considering this, as well as the SMS Defendants' failure to timely request an extension, apparent failure to conduct even a cursory search for the requisite documents, and the absence of any objections to the disputed requests, the Court **GRANTS** Plaintiff's Motion to Compel (Doc. 127). **SMS Group Inc. and SMS Concast, Canada Inc. shall conduct a thorough review for all responsive documents within their possession, custody or control and shall produce the same to Plaintiff within seven days of entry of this Order**.

One final note, to the extent that the SMS Defendants have taken the position that they need only produce responsive documents in their physical possession, such a position is inconsistent with applicable law. Under Rule 34, the SMS Defendants are required to produce pertinent documents in their custody or control even if not in their physical possession. *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426 (7th Cir. 1993). The test is whether "the party to whom the request is made has the legal right to obtain the document, even though in fact it has no copy." Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2210 (1994). The relevant issue is whether a party can "order" the production of the documents. *See Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426 (7th Cir. 1993).

**SO ORDERED.**
Dated: January 12, 2024                               /s *David W. Dugan*
                                                      _____
                                                      DAVID W. DUGAN
                                                      United States District Judge